## FREDERICK A. FIELDING *vs.* WILLIAM E. JONES.

The selectmen of a town are not, by virtue of their authority as overseers of the poor under the provisions of Gen. Stat., tit. 50, ch. 2, sec. 20, authorized to collect and discharge the debts of a pauper settled in and supported by the town.

SCIRE FACIAS on a judgment against the defendant as administrator of the estate of James White, deceased.

On the trial in the Court of Common Pleas (*Briscoe, J.*) on the general issue closed to the jury, the defendant offered evidence to prove that for a long time previous to and after the rendition of the judgment in the original suit, the plaintiff was a pauper settled in the town of Marlborough, and had uninterruptedly continued such, and still was a pauper of said town, and that the defendant, without the consent of the plaintiff, had paid the amount of said judgment to the selectmen of the town of Marlborough, as overseers of the plaintiff by virtue of their position as selectmen, and taken their receipt therefor. To the admission of this evidence the plaintiff objected, on the ground that it was irrelevant, as, even if the plaintiff was such pauper, the selectmen of the town were not by law such overseers of the property of the plaintiff as to be entitled to the possession of such property, or to give discharge therefor, and proof of payment to them, without the consent of the plaintiff, would be no defence to this action ; and also on the ground that the evidence of itself, if admitted, would show that the plaintiff was not a pauper, and could therefore be no defence to this action.

The court sustained the objections and excluded the evidence.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial.

*H. C. Robinson* and *G. Case*, in support of the motion.

*C. E. Perkins*, with whom was *Jones*, contra.

FOSTER, J. Whether the selectmen of a town, by virtue of their office, are vested with authority to collect and discharge the debts of a settled inhabitant and resident of the town wholly supported as a pauper by the town, is the question involved in this motion.

. The statutes of our own state must furnish the answer to this question; neither the common law, nor the statutes of England, nor the statutes of our sister states, can be of any avail for this purpose.

Selectmen with us are officers of the highest antiquity; and they are clothed with very responsible powers. Paupers are liable to be removed to such places as the selectmen may direct, to be supported; and are subject to their orders or to the orders of the persons contracted with to support them. Selectmen are authorized to take rude, stubborn, and unruly children from their parents, under certain circumstances, with the advice of a justice of the peace, and bind them out for a certain period to some proper master, to the end that they may be properly educated, and brought up in some lawful calling and employment. The only statute bearing directly on this question, and to which our attention has been particularly called, is found on page 621, § 20; " The selectmen of each town shall be overseers of the poor, and shall, at the expense of the town, provide for all paupers belonging to it food, clothing, firewood," &c., &c. An "overseer" is an officer well known to our law. The circumstances under which he may be appointed and the mode of appointment are clearly pointed out. Stat., page 521, §§ 29, 30. We can hardly regard the expression "overseers of the poor" as used in our statute, as intended by the legislature to confer on the selectmen the same powers over the poor of their respective towns that the law gives to overseers over their wards. The cases differ very widely in character. The duty of the overseer under the law is to prevent an individual from wasting his estate, and so becoming a charge on the public; while the overseer of the poor is to care and provide for him, who, being totally destitute of the means of subsistence, is unable to care and provide for himself.

But the overseer appointed by law has no such power as it is claimed that selectmen have in this case. His powers are not compulsory over person or property, but advisory merely. It is by an application to two or more justices of the peace, and after a hearing had, that any such powers as are here claimed can be exercised. In common parlance this is called " the overseer in the second stage."

We see no grounds on which the claim can reasonably be made, that selectmen as " overseers of the poor" are overseers in this stage, and unless they are their powers fall far short of the exigencies of this case. The power claimed is in derogation of common right; in a certain sense it disfranchises a citizen, and that upon the bare suggestion of no crime but poverty. We cannot by implication or intendment sustain such a claim. To uphold so extraordinary a power we require a clear, specific enactment of the legislature. We find none, and therefore the motion for a new trial is denied.

In this opinion the other judges concurred.